UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DIANE L.,

                Plaintiff,

v.                                                        5:21-CV-0383
                                                          (ML)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

APPEARANCES:                                              OF COUNSEL:

OLINSKY LAW GROUP                                         ALEXANDER C. HOBAICA, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street-Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                            CHRISTINE A. SAAD, ESQ.
  Counsel for the Defendant                          Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## **<u>ORDER</u>**

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on September 22, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)    Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is DENIED.

2)    Defendant's motion for judgment on the pleadings (Dkt. No. 19) is GRANTED.

3)    The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)    Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)    The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 23, 2022
       Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
L

vs.                                        5:21-CV-0383

COMMISSIONER OF SOCIAL SECURITY


_____



DECISION AND ORDER


September 23, 2022


The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE




A P P E A R A N C E S


For Plaintiff:       ALEXANDER HOBAICA, ESQ.


For Defendant:       CHRISTINE SAAD, ESQ.


*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1          THE COURT:  The Court begins its analysis and
2    decision as follows:
3          First, plaintiff has commenced this proceeding
4    pursuant to Title 42 United States Code Section 405(g) to
5    challenge the adverse determination by the Commissioner of
6    Social Security finding that she was not disabled at the
7    relevant times and therefore ineligible for the benefits
8    that she sought.
9          By way of background the Court starts as follows:
10   Plaintiff was born in 1980.  She is currently 41 years of
11   age.  She was approximately 34 years of age at the alleged
12   onset of her disability on November 1st of 2014.  At the
13   time of her administrative hearing on August 11th of 2017,
14   plaintiff lived with her mother, her 18-year-old son, and
15   her 11-year-old daughter.  Plaintiff stands approximately 5
16   feet 5 inches in height and weighs approximately 165 pounds.
17   Plaintiff completed an associate's degree and can
18   communicate in English.
19         Procedurally the Court sets forth the following in
20   the record.  Plaintiff applied for Title II benefits on
21   May 20th of 2015, alleging an onset date of November 1,
22   2014.  In support of her claim for disability benefits,
23   plaintiff claims disability based on a back injury, right
24   shoulder injury, and migraines.  Administrative Law Judge
25   Shawn Bozarth conducted a hearing on August 11th of 2017 to

1   address plaintiff's application for benefits.  In her

2   request for a review to the Social Security Administration

3   Appeals Council, plaintiff challenged the ALJ's appointment

4   under the Appointments Clause of the United States

5   Constitution, that being U.S. Constitution Article II

6   Section 2 Clause 2.  The Appeals Council vacated the ALJ's

7   decision and Administrative Appeals Judges Edward G. Aldrich

8   and A. Van Soest issued a new independent unfavorable

9   decision on August 30th of 2019.  Plaintiff appealed to the

10  U.S. District Court for the Northern District of New York

11  before U.S. Magistrate Judge Andrew Baxter, where the

12  parties agreed on July 9th of 2020 by stipulation that the

13  decision of the Appeals Council be vacated and remanded.

14          On August 17th of 2020 the Appeals Council

15  remanded to an ALJ for further proceedings, consistent with

16  that order.  Thereafter, ALJ David Romeo conducted a new

17  hearing on January 20th of 2021.  ALJ Romeo issued an

18  unfavorable decision on February 2nd of 2021.

19          This action was commenced on April 5th of 2021,

20  and it is therefore timely.

21          In his decision, ALJ Romeo applied the five --

22  excuse me, applied the familiar five-step test for

23  determining disability claim.

24          At step one, the ALJ concluded that plaintiff had

25  not engaged in substantial gainful activity during the

1  period from her alleged onset date of November 1, 2014

2  through March 13 of 2018.  The ALJ noted that plaintiff was

3  awarded workers' compensation benefits during the period at

4  issue.

5          At step two, the ALJ concluded that from

6  November 1st, 2014 through March 13th of 2018, plaintiff had

7  the following severe impairments:  Lumbar degenerative disc

8  disease, with L5 to S1 radiculopathy; status post right

9  shoulder acromioplasty migraine headaches; obesity;

10  generalized anxiety disorder; major depressive disorder; and

11  PTSD.

12          At step three, ALJ Romeo concluded that from

13  November 1, 2014 through March 13th of 2018 plaintiff did

14  not have an impairment or combination of impairments that

15  met or medically equalled the severity of one of the listed

16  impairments in 20 CFR Sections 404.1520(d), 404.1525, and

17  404.1526, and the ALJ focusing on the following listings:

18  Listing 1.02 dealing with major dysfunction of a joint;

19  listing 1.04 dealing with disorders of the spine; listing

20  11.02 dealing with epilepsy; listing 12.04 dealing with

21  depressive, bipolar, and related disorders; listing 12.06

22  dealing with anxiety and obsessive compulsive disorders; and

23  listing 12.15 dealing with trauma- and stressor-related

24  disorders.  The ALJ also considered the plaintiff's obesity

25  under SSR 19-2p in combination with her other impairments

1  and mental disorders pursuant to 20 CFR Sections 404.1520a

2  and 416.920a.

3           Next, the ALJ next determined that from

4  November 1, 2014 through March 13, 2018, plaintiff had the

5  residual functional capacity to perform sedentary work

6  except that plaintiff could never climb ropes, ladders, or

7  scaffolds; that plaintiff could occasionally climb ramps,

8  stairs, balance, stoop, kneel, crouch, crawl, and operate

9  foot controls; that plaintiff could frequently reach,

10 handle, finger, and feel with both upper extremities; also

11 that plaintiff could have no exposure to high, exposed

12 places or moving mechanical parts.  The ALJ also concluded

13 that plaintiff could tolerate a moderate noise intensity

14 level; that plaintiff could also tolerate occasional

15 exposure to light brighter than that typically found in an

16 indoor work environment, such as an office or retail store.

17 The ALJ concluded that plaintiff could work at a consistent

18 pace throughout the workday but not at a production rate

19 pace in which each task must be completed within a strict

20 time deadline.  Plaintiff -- the ALJ concluded that

21 plaintiff could tolerate occasional interaction with

22 coworkers, supervisors, and the public.  The ALJ also

23 concluded plaintiff could also tolerate occasional changes

24 in the work setting.  The ALJ also indicated plaintiff

25 needed an option to stand for 5 minutes every 20 minutes of

1   sitting but could remain on task while standing.  The ALJ

2   also indicated plaintiff required a cane to walk but not for

3   balance while standing.  The ALJ also indicated plaintiff

4   could tolerate a low level of work pressure which is defined

5   as work not requiring multitasking, very detailed job tasks,

6   significant independent judgment, very short deadlines, or

7   teamwork in completing job tasks.

8           At step four, the ALJ concluded that plaintiff

9   could not perform the past relevant work as a nurse

10  assistant, nursery school attendant, or salesperson.

11          Next, at step five, the ALJ concluded that based

12  on the testimony of the vocational expert and considering

13  plaintiff's age, education, work experience, and residual

14  functional capacity, from November 1, 2014 through March 13

15  of 2018, that there were jobs that existed in significant

16  numbers in the national economy that plaintiff could have

17  performed.  More specifically, the vocational expert

18  testified that plaintiff could have performed the

19  requirements of representative occupations such as an

20  addresser, a stuffer, and polisher of eyeglass frames.  The

21  ALJ therefore found that plaintiff was not disabled.

22          Now, as the parties know, this Court's functional

23  role in this case is limited and extremely deferential.  I

24  must determine whether correct legal principles were applied

25  and whether the determination is supported by substantial

1  evidence, defined as such relevant evidence as a reasonable

2  mind would find sufficient to support a conclusion.  The

3  Second Circuit has noted in Brault V. Social Security

4  Administration Commissioner, found at 683 F3d. 443, a 2012

5  case, and the Circuit noted therein that this standard is

6  demanding, more so than the clearly erroneous standard.  The

7  Second Circuit noted in Brault that once there is a finding

8  of fact, that fact can be rejected only if a reasonable

9  fact-finder would have to conclude otherwise.

10        Now, on appeal before this Court, plaintiff raises

11  one contention in their appeal.  Plaintiff argues that

12  substantial evidence does not support the ALJ's RFC findings

13  because he failed to properly weigh the opinion evidence of

14  plaintiff -- of plaintiff's treating physician, Dr. Jennie

15  Brown, MD.

16        The Court begins its analysis by setting forth the

17  following:  As the parties set forth in their briefs, the

18  opinion of Dr. Brain -- Brown, excuse me.  The opinion of

19  Dr. Brown, that is, is subject to the treating physician

20  rule.  For the reasons set forth in defendant's brief, I

21  find that substantial evidence supports the ALJ's evaluation

22  of the medical opinion evidence from Dr. Brown.  Dr. Brown

23  opined, inter alia, that plaintiff would be off task more

24  than 20 percent of the time during an 8-hour workday and

25  would likely be absent from work more than 4 days per week.

1        The ALJ afforded Dr. Brown's opinion, quote, some
2   but not controlling weight, end of quote, holding that,
3   quote, while most of the proposed limitations have been
4   incorporated into the claimant's RFC, end quote, the ALJ did
5   not incorporate Dr. Brown's assessment regarding plaintiff's
6   ability to remain on task or maintain attendance.  In
7   support of this determination the ALJ supportably cited and
8   noted the following:  One, normal mental status exams and
9   reported activities and abilities.  Two, a 2015 function
10  report, in which plaintiff reported that, A, she did not
11  need special help or reminders to take her medications or
12  tend to her personal needs and grooming; B, plaintiff denied
13  problems with paying attention, following instructions, and
14  getting along with other people, including authority
15  figures; C, plaintiff lived in a house with family and
16  supervised her children's daily living activities; and, D,
17  plaintiff performed self -- self-care tasks, prepared meals,
18  did light cleaning and some laundry, drove, went out alone,
19  handled money, shopped, and attended church and doctor
20  appointments.  Further, the ALJ found that all of
21  plaintiff's mental status exams throughout the period at
22  issue had been largely benign.
23        Next, the ALJ properly considered plaintiff's
24  alleged limitations based on her reported migraines.  More
25  specifically, the ALJ considered the medical records

1    indicating that in January 2017 plaintiff, quote, was

2    admitted overnight for a migraine headache that had lasted

3    three days and reportedly caused right eye pain and

4    photophobia, end of quote.  However, the ALJ supportably

5    concluded that after receiving a Reglan injection and fluid

6    bolus, plaintiff improved.  Indeed, the ALJ considered that

7    in February 2017 plaintiff, quote, only had three migraines

8    over the course of the month, end of quote.  Thus, the ALJ

9    concluded that plaintiff's statements concerning the

10   intensity, persistence, and limiting effects of her symptoms

11   were not entirely consistent with the medical evidence and

12   other evidence of record.

13          Although plaintiff highlights evidence that may

14   support her position, as long as the ALJ's position is

15   supported by substantial evidence, which the Court here

16   finds it is, it will prevail.

17          Finally, because the ALJ's analysis of Dr. Brown's

18   opinion and corresponding RFC were supported by substantial

19   evidence, plaintiff's derivative challenge to the vocational

20   expert's testimony about jobs consistent with that RFC also

21   fails.

22          For these reasons I find and conclude that

23   plaintiff's motion for judgment on the pleadings is denied.

24   Defendant's motion for judgment on the pleadings is granted.

25   Plaintiff's complaint is hereby dismissed.  And the

1  Commissioner's decision denying plaintiff benefits is

2  hereby affirmed.

3          This constitutes the decision and analysis of the

4  Court.

5                          - - - - -

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25